```
1  Patrick E. Ogle. Esq. (NBN 13208)
   Law Office of Patrick E. Ogle
2  3502 South Virginia Street, Suite A8,
   Reno, NV  89502
3  P: 775-823-9126
4  patrick@nvcorplaw.com
```

*Attorney for Respondent ROI Land Investments Ltd.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SETH SHAW, | Case No. 2:17-cv-01165-JAD-VCF |
| Petitioner, | **FIRST** |
| vs. | **MOTION TO ENLARGE** |
| ROI LAND INVESTMENTS LTD., | **TIME TO RESPOND** |
| Respondent | |
| _____/ | |

### FIRST MOTION TO ENLARGE TIME TO RESPOND

Comes now Respondent ROI Land Investments Inc. ("Respondent"), pursuant to Local Rule IA 6-1, in its First Motion to Extend Time to Respond to the Petition for Confirmation of Arbitration Award and Entry of Judgment filed on April 26, 2017 (the "Petition") by Petitioner Seth Shaw ("Petitioner"). [Doc. 1]  This is the first motion to extend time for any purpose in the instant case. In support of this motion, Respondent asserts the following premises:

1.  <u>Court Has Discretion to Extend</u>.  Respondent requests an enlargement of time to respond to the Petition in accordance with Rule 6(b)(1) of the Federal Rules of Civil Procedure, which specifically provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:  (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."  Respondent's period to respond has not expired.

2. <u>Misrepresentation of Service</u>.  According to the Certificate of Service affixed to the Petition, Petitioner purportedly served Respondent's undersigned legal counsel with the file-stamped Petition by *e-mail* on April 25, 2017 (a day before the Petition actually was filed). However, Respondent's undersigned counsel has no record of any e-mail correspondence from Petitioner or Petitioner's out-of-state legal counsel on or about that date.

3. <u>Improper Method of Service</u>.  Litigation cannot be initiated by electronic service of process (e.g., e-mail service).  *See* FRCP 4(e) and (h).  Therefore, Petitioner's purported e-mail service of the Petition on April 25, 2017 would have been improper, if had been effected.

3. <u>Improper Agent for Service</u>.  Litigation cannot commence against a corporation unless service is effected upon an officer or agent of the corporation  *See* FRCP 4(h). Respondent's legal counsel has not been appointed as an agent for the acceptance of service of process by Respondent and had not been so appointed at the time Petitioner filed or attempted to serve the Petition.

4. <u>Representation by Ghost-Lawyer</u>.  The Petition ostensibly was prepared by a "ghost-lawyer" without disclosure under Rule 11 of the Federal Rules of Civil Procedure and in contravention of Formal Opinion No. 34, State Bar of Nevada, Standing Committee on Ethics and Professional Responsibility (Issued on Dec. 11, 2006; Revised on June 24, 2009).  Notably, the address, phone number, and one of the two e-mail addresses provided as contacts in the Petition are those of Petitioner's out-of-state legal counsel, without any identification of said legal counsel.  This practice is prohibited by law.

5. <u>Unauthorized Practice of Law</u>.  Petitioner's use of an out-of-state "ghost-lawyer" would constitute the unauthorized practice of law in the State of Nevada by the out-of-state attorney since (i) Petitioner purports to represent himself as an out-of-state *pro se* litigant without local counsel and (ii) *pro hac vice* admission of out-of-state counsel is not permitted in the absence of local counsel.  *See* NRS 7.285; SCR 42; LR IA 11-2(a)(5).  Notably, to permit Petitioner to persist in this unlawful practice would create an unfair and impermissible advantage over Respondent, which is a corporation that cannot appear *pro se* and is obligated to retain local

counsel in Nevada -- a task that further necessitated the instant motion. Therefore, it is likely that Petitioner also needs additional time to procure local counsel.

6. Service Upon Registered Agent. On May 23, 2017, Petitioner filed an Affidavit of Service purporting to have effected service of the Petition upon Respondent's registered agent for the State of Nevada by personal delivery on May 15, 2017. [Doc. 3]

7. Excusable Delay. Assuming, *arguendo*, that valid service was effected on May 15, 2017, Respondent's management did not actually receive said service from its commercial registered agent until on or about May 31, 2017. Respondent's management is based in Montreal, Quebec, and the corporate officer with charge over the instant litigation has been traveling abroad in Europe since prior to May 31, 2017. That corporate officer will not return to Respondent's corporate offices until after the current response deadline.

8. Local Counsel for Respondent. Respondent's management contacted the undersigned Nevada legal counsel in Reno, Nevada on June 1, 2017 (i.e., one business day after receiving the Petition and one business day prior to filing this motion). However, the undersigned counsel has prearranged plans to be out of the country from June 4-10, 2017 and will not return prior to expiration of the current response deadline. Therefore, local counsel will require additional time to prepare a response to the Petition. Furthermore, Respondent has not identified Las Vegas local counsel at this time or had an opportunity to determine if said counsel will be necessary.

9. Forthcoming *Pro Hac Vice* Application. Respondent primarily is represented by out-of-state legal counsel that Respondent may desire to be admitted *pro hac vice* to participate in the defense against this Petition.

10. Attempts to Confer. Respondent's out-of-state counsel made attempts to contact Petitioner and his legal counsel at the phone number stated in the Petition on May 31 and June 1, 2017. In addition, the undersigned counsel attempted to contact Petitioner and his legal counsel at the phone number stated in the Petition on June 2, 2017, and left a message requesting a return call. There has been no response from Petitioner or Petitioner's out-of-state legal counsel. There

1  also is no additional time available for further attempts to confer and stipulate to the requested
2  extension.

3      In the absence of an extension, Respondent and Respondent's legal counsel will not have
4  an adequate opportunity to respond prior to the current deadline for a response, which is
5  estimated as Tuesday, June 6, 2017.  Furthermore, Respondent's request is reasonable under the
6  circumstances, is not sought for the purpose of delay, and will not prejudice any party.

7      WHEREFORE, Respondent prays that this Motion to Enlarge Time to Respond to the
8  Petition until **Friday, June 30, 2017** be granted pursuant to Rule 6 of the Federal Rules of Civil
9  Procedure.

10  Dated: June 4, 2017           Respectfully submitted,

12  By:   /s/ Patrick E. Ogle
      Patrick E. Ogle. Esq. (NBN 13208)
13        Law Office of Patrick E. Ogle
      3502 South Virginia St., Suite A8,
14        Reno, NV  89502
      P:  775-823-9126
15        patrick@nvcorplaw.com

16
17  *Attorney for Respondent ROI Land Investments Ltd.*

4
FIRST MOTION TO ENLARGE TIME TO RESPOND

**CERTIFICATE OF SERVICE**

Pursuant to FED. R. CIV. P. 5(b), I hereby certify that, on the date where undersigned, I caused the foregoing document to be served on all parties to this action by:

    __X__   placing an original or true copy thereof in a sealed, postage prepaid, envelope in the United States mail;

    ____   personal delivery;

    ____   facsimile (fax);

    ____   Federal Express, UPS, or other overnight delivery;

    __X__   E-File;

fully addressed to each recipient as follows:

>Seth Shaw
>1290 Weston Road, Suite 218
>Weston, Florida 33326
>sethsms47@aol.com
>notices@pkslegal.com
>Tel:  (954) 384-0998
>Fax: (954) 384-5390

DATED:  June 4, 2017.